## Anna Wiedeman v. Henry Keller.

1. WARRANTY—*Vendor of Provisions.*—When a vendor of provisions has no notice, and can not by the exercise of reasonable or ordinary care ascertain the unwholesome or unsound condition, there is no implied warranty of the soundness of provisions not prepared or manufactured by such vendor.

Trespass on the Case.—Sale of unwholesome pork. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Submitted at the March term, 1895, of this court. Affirmed. Opinion filed April 22, 1895.

RUFUS KING, attorney for appellant.

PRUSSING & McCULLOCH and CATHARINE WAUGH McCULLOCH, attorneys for appellee.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

The principal question discussed by counsel in this case is whether a regular retail dealer in provisions for consumption must be held to warrant that the goods he so sells are sound and wholesome, notwithstanding the defective character of the articles is unknown to him and could not have been discovered except by the use of extraordinary care, and notwithstanding that the goods so sold had been duly inspected by an officer of the health department of the city of Chicago and pronounced free from taint; the vendee having selected from a mass, the article sold.

This action is based upon injury said to have arisen from eating pork containing trichina.   There is no evidence that appellee omitted any reasonable or ordinary precaution or did anything that is unusual; while it is established that he did exercise reasonable and ordinary care in the purchase and sale of all meat sold by him.

There can be found in text books and opinions, expressions indicating a belief that the retail vendor of provisions for consumption impliedly warrants that they are sound and wholesome.

Such expression is doubtless a statement of a rule to which there are important exceptions: 1st. When the defect is clearly obvious.   2d. When the purchaser is informed of the defect.

To these may be added, not so much as an exception, but as a statement of a contract which by its terms negatives the idea of such a warranty, the following: " When the vendor and vendee, equally, rely upon the brand of the inspector."

There are many authorities holding that when the vendor has no notice, and could not by the exercise of reasonable or ordinary care, have ascertained the existence of the unwholesome or unsound condition, there is no implied warranty of the soundness of provisions not prepared or manufactured by the seller.   Benjamin on Sales, Secs. 670, 671, 672, note 17, page 629, American Ed. of 1888; Schouler on Personal Property, Sec. 348; 10 Am. and Eng. Ency. of

Law, 155; Emmerton v. Mathews, 7 Exchequer, 585; Craft v. Parker, 96 Mich. 245; Buckingham v. Plymouth Water Co., 142 Penn. 221; Wright v. Hart, 18 Wend. 464; Moses v. Mead, 1 Denio 378.

The statement in Blackstone's Commentaries that in contracts for provisions, it is always implied "that they are wholesome, and that if they be not, the same remedy may be had," i. e., an action on the case for deceit, is not borne out by the authorities, and is unsound unless by the statement of the remedy there is meant to be implied that knowledge by the vendor of the defect, viz., a *scienter*, must be alleged and proven.

In the present case it appears that the vendee selected the pork from a larger piece, off which, by her dictation, what she purchased was cut.

It further appeared that if meat affected with trichina is thoroughly cooked, that is, heated to the temperature of about that of boiling water, the trichina will be killed and all injurious effects from their presence will be overcome.

Also, that the plaintiff cooked a part of the meat so that it was "well done," and a part was left "rare," that is, not so thoroughly cooked, but that the same had a red, bloody appearance on the inside. The statute of this State does not, in our judgment, add to the civil liability of a vendor of provisions for immediate consumption.

We do not think that the plaintiff made out a case entitling her to recover. The judgment of the Circuit Court is therefore affirmed.