## THE H. CHANNON COMPANY

*v.*

## AUGUST HAHN.

*Opinion filed February 20, 1901.*

1. NEGLIGENCE—*when breach of ordinance constitutes a prima facie case of negligence.* In an action by an employee for injuries received from falling down an open elevator shaft, proof of the defendant's violation of a city ordinance requiring all persons controlling passenger or freight elevators in buildings to employ some person to take charge of and operate the same, constitutes a *prima facie* case of negligence, if such violation caused or contributed to the injury.

2. The court reviews the evidence in this case, and holds that the trial court properly refused to exclude the evidence and peremptorily instruct the jury to return a verdict for defendant.

*H. Channon Co.* v. *Hahn,* 90 Ill. App. 256, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

O. W. DYNES, for appellant.

BRANDT & HOFFMANN, for appellee.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

This appeal from the judgment of the Appellate Court for the First District, affirming the judgment entered in the superior court of Cook county in favor of the appellee in an action on the case instituted by him to recover damages for personal injuries sustained, as he alleged, through the negligence of the appellant company, presents but a single question: whether the trial judge erred in refusing to grant the motion entered by the appellant company, at the close of all the testimony, to exclude the evidence and peremptorily instruct the jury to return as their verdict that the appellant company was not guilty.

Appellee, an employee of the appellant company, was injured by falling down the shaft of the elevator from the fifth floor of the building occupied by the appellant company in the transaction of the warehouse and storage business in which it was engaged, to the uncovered floor of the elevator cab which was descending the shaft, below the second story of the building.

Appellant insists the peremptory instruction should have been given because, as it alleges, (1) the evidence did not prove that appellee was in the exercise of ordinary care for his safety; (2) that it appeared from the testimony the appellee was guilty of negligence which contributed directly and materially to his injury; (3) that the evidence did not tend to show the appellant company was chargeable with negligence which caused or contributed to the injury to the appellee; and (4) that the negligence of the appellant company's agents, if any was proven, was that of a fellow-servant of the appellee.

As to the first and second of these contentions (for both may be considered and disposed of together) counsel for the appellant contends that it appeared from the testimony of the appellee that he was an adult nearly thirty years of age; had worked under the conditions existing at the time of his injury for several days immediately preceding; had ridden on the elevator in question and helped to unload it; had passed through the doors at the fifth floor on many occasions in unloading the elevator; had been up there both forenoons and afternoons in the bright light and seen the elevator shaft; had come up on the elevator a few minutes before the accident and helped to unload the load that he brought up with him; had, in leaving the elevator, walked out through the open doors, walked directly west, and a few minutes later took hold of the sail cover which he was directed to unfold and spread out, and backed up directly east, retracing, as it were, his steps in leaving the elevator, until he had reached the door, when, without looking behind

him or taking any other precaution, he heedlessly and recklessly backed in, fell to the bottom of the shaft and was injured. This summing up leaves out of consideration much testimony produced at the hearing bearing upon the question of the exercise of ordinary care by the appellee. It appeared that he was thirty years old at the time of the trial but only twenty-three at the time of the injury; that he had been in the employ of the appellant but three days, including the day on which he was injured; that his work, in the main, was in the basement or lower stories of the building; that the evidence tended to show he had ridden in the elevator but one time; that the two doors of the elevator shaft in the different floors were provided with spring hinges for the purpose of swinging the doors shut; that these doors opened out into the rooms, and were two in number at each opening; that the lower hinge on one of the doors of the shaft on the fifth floor had been broken or unscrewed from the door for probably three weeks before the appellee was injured, or for practically the same length of time before he was employed by the appellant; that on the day in question this door, which was hanging by the upper hinge only, had been opened back and some rope or other like material had been piled up against it to hold it and support it, thus leaving it standing open; that the appellant had actual knowledge of the defective and broken condition of this door for at least two weeks before the occasion in question; that the time of the injury was about five o'clock in the evening or afternoon of December 2; that artificial light was required and that the gas jets had been lighted in the room, but there was no jet at the elevator opening or near enough to light up the opening; that appellee, under the orders of a vice-principal of the appellant company, together with other of appellant's workmen, was engaged in straightening or spreading out wet and frozen canvas or sail covers on the floor of the fifth story; that in doing said work it was

necessary the workmen should walk backward; that they had just brought the bundle of wet and frozen canvas up in the elevator and taken it out into the room to be spread out on the floor; that said vice-principal, Kelly, had, without the knowledge of the appellee, sent the elevator down the shaft, and that the appellee testified he did not know the hinge of the door was out of order or the door propped back so it would not close. We think, upon the whole facts, the court correctly decided that the testimony sufficiently tended to support the allegations of the declaration that the appellee had exercised due care, to warrant the submission of that issue to the jury.

The third and fourth grounds or reasons relied upon to support the motion for a peremptory verdict may be grouped for consideration. In behalf of the appellee the following ordinance adopted and in force in the city of Chicago was read in evidence:

"Sec. 1136. It shall be the duty of every person owning, controlling, operating or using, as owner, lessee or agent, any passenger or freight elevator in any building within the corporate limits, to employ some competent person to take charge of and operate the same, and any such person who shall neglect to comply with the provisions of this section shall be fined the sum of $10 for each and every day of such neglect."

It appeared from the evidence the appellant company did not have any person, competent or otherwise, employed and charged with the duty of taking charge of and operating the elevator, as required by the ordinance. The elevator was for the purpose of hoisting freight, but the employees of the company were expected to and did use it in going to and from the different floors. It appeared that different employees of the company were in the habit of running the elevator when they found it necessary, in the discharge of the work in which they were engaged, to take freight from one floor to another.

If one of such workmen desired to use the elevator if it was standing on the floor on which he was engaged, he simply entered it and put it in motion. If it was on another floor he would ring for it and some one on that floor would start the elevator up or down, as the case might be, without any one being on it, and the workman who rang for it was expected to catch it and stop it at the floor where he was engaged. The breach of this ordinance was alleged in different counts of the declaration, was clearly established by the proof, and this constituted a *prima facie* case of negligence if the violation of the municipal law caused or contributed to the personal injury received by the appellee. The evidence on behalf of appellee tended to show that after the force of appellant's employees, among whom was the appellee, had, under the direction of appellant's foreman, one Kelly, removed the bundle of canvas or sail cover from the elevator out on the fifth floor of the storage building, they were directed by the said foreman, Kelly, to lay hold of the cover and, by pulling it, straighten or spread it out, and were charged to be quick about it, as it was near quitting time; that in spreading the canvas the workmen would necessarily walk backward; that immediately after they became so engaged appellee and said Kelly stood near together and near the elevator, the floor of the elevator being level with the floor of the room and leaving no opening; that while appellee was pulling at the canvas and moving backward, Kelly, without notice to the appellee, put the elevator in motion down the shaft, and appellee, who was acting under orders requiring haste on his part in a place but dimly lighted and amid surroundings but little known to him, stumbled into the opening of the shaft and (the elevator having been removed) fell down the shaftway until he struck the descending cab. Among other duties of one competent to be given in charge of an elevator is that of taking proper precautions for the safety of others known to be

near the elevator opening, before moving the elevator. It was fairly a question of fact for the jury whether the removal of the elevator on the occasion in question contributed to the injuries received by the appellee. The character of the elevator, its condition, the surroundings, the dangers arising therefrom and the connection thereof with the injuries of the appellee, were matters properly committed by the court to the consideration and determination of the jury.

It was not questioned but that Kelly held the position of foreman and then bore the relation of vice-principal to the appellee, but it is contended it appeared from the proof the work for the day was just about done when the plaintiff was injured, and that it was the duty of one Murphy, (who, it is contended, was a fellow-servant of the appellee,) at the close of the work for the day, to remove the obstacles which prevented the defective elevator door from swinging shut or partially shut on its one good hinge, and that Murphy was negligently slow in performing this duty, or that the broken door, with his assistance, would have been closed before the appellee would or could have fallen into the shaft. On this alleged state of facts counsel for appellant argues thus: "The work of closing that door was the work of a fellow-servant—a mere manual act—the manipulation of appliances furnished by the master. If he was too slow in closing that door and his negligent delay caused the injury in question, it was still but the negligence of a fellow-servant, for which there can be no recovery." There was evidence tending to show that Murphy was foreman in the absence of Kelly. He, as a witness for the appellant, so testified. The evidence, however, tended to show Kelly had not actually gone when Murphy began to remove the obstructions for the purpose of closing the door, but it appeared in the proof that Kelly said to Murphy at that time to wait or delay a moment,—that he wanted to go down on the elevator,—and that Murphy did so.

So it seems to us very clearly that on this branch of the case the question whether the failure of Murphy to act with requisite promptness should be regarded as negligence on the part of Murphy or as resulting from the command of the appellant negligently given by Kelly, the vice-principal, was not a question of law for the court but of fact for the jury.

The judgment of the Appellate Court affirming that of the superior court is affirmed.        *Judgment affirmed.*