## True & True Company v. Frances Woda, Adm'x.

1. ORDINANCES—*Violation is Prima Facie Evidence of Negligence.*—The violation of a city ordinance makes a *prima facie* case of negligence on the part of the person violating it.

2. PROXIMATE CAUSE—*Question for the Jury*—Whether an act of negligence is the proximate cause of an injury is a question for the jury.

3. CONTRIBUTORY NEGLIGENCE—*Of Parents.*—The parents of an injured child were working people, the father at his work and the mother engaged in her household duties. The child, with the mother's consent, went out to play on the public sidewalk with his sister, nine years of age, and was injured by the falling of a pile of lumber. *Held,* that, considering the position in life of the parents and the consequent demand upon them to provide for their family, the ages of the children, the necessity of their playing somewhere on the summer afternoon, and that they went to play upon the public sidewalk so near to their home, they can not be said to have failed to exercise ordinary care in permitting the younger child to go out to play, as he did, accompanied by his eldest sister.

4. DAMAGES—*For Death of Young Child—A Question for the Jury.*—The fixing of damages for the death of a young child is a matter peculiarly for a jury, and is so declared by the statute.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed October 27, 1902.

JAMES FRAKE, attorney for appellant.

FRANK W. HOYT, attorney for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellee, the administratrix of the estate of Joseph Woda, deceased, on a trial before the Superior Court and a jury, recovered a verdict of $2,250, and judgment thereon, against appellant, for personal injuries, which resulted in the death of said Joseph, to reverse which this appeal is taken.

Said Joseph was, on the day of the accident, three years and ten months of age. His parents were working people, his father being at work and his mother engaged at home in her household duties at the time he was injured. At about 1:30 P. M. of July 7, 1899, he left home with his sister, then nine years of age, with his mother's knowledge and consent, to play on the public sidewalk on West 19th street, Chicago, in front of his home, as was his habit. The street at this point was built up mainly by common residences, but appellant had a factory, (what kind the abstract fails to show,) about seventy-five feet west of the Woda home. Appellant was at the time building a shelter shed on its premises, and had a permit for that purpose from the commissioner of buildings of the city, which provided that appellant should " conform in all respects to the ordinances of the city of Chicago regulating the construction of buildings in the city limits." About two days prior to the accident appellant had caused to be placed in a pile partly on the sidewalk and partly in the street in front of its premises two wagon loads of heavy lumber. The size of the pile is variously estimated by the witnesses, those of the plaintiff putting it at from six to eight feet wide, four, five and six feet high, and about twelve feet long, and saying that it occupied three to four feet of the sidewalk, one stating that it occupied six, seven or eight feet of the walk; while those of the defendant say that the pile was five or six feet wide; one and one-half, three, three and one-half, four and five feet high, and that it occupied three or four feet of the sidewalk.

While Joseph was passing, or on the sidewalk near this

lumber pile, it, or a part of it, fell upon him and caused his death. Whether the lumber fell because it was insecurely piled, as to which there is a conflict in the evidence, or because of other children playing on or about the lumber, as to which we think the evidence is not sufficiently clear to establish that fact, we think is not important. The jury was justified from the evidence in finding that it fell because it was insecurely piled.

The lumber was piled on the sidewalk, in violation of two city ordinances, which were pleaded and proven by the plaintiff, one of which prohibits any article or thing being placed on a sidewalk in front of any store, shop or other place so as to occupy more than three feet next to the building, nor so as to be more than four feet above the top of the sidewalk; and the other imposes a fine of $5 for each offense for laying or placing any wood, coal, or any article whatsoever on a sidewalk. The violation of these ordinances makes a *prima facie* case of negligence on the part of appellant. Channon Co. v. Hahn, 189 Ill. 28–32.

That children playing on or about the lumber pile caused it to fall upon deceased, which we think is not established by the evidence, does not relieve appellant. It was negligent either in causing the lumber to be piled on the sidewalk in an insecure manner, or in violation of the ordinances, or in both respects. But for appellant's negligence the lumber would not have fallen, and whether its negligence was the proximate cause of the injury was a question for the jury. Pullman, etc., Co. v. Laack, 143 Ill. 242–59, and cases cited; Weick v. Lander, 75 Ill. 93–6.

We think the evidence justified the jury in finding the appellant guilty in this regard.

A claim is made that the permit, under an ordinance of the city quoted in appellant's brief, gave it the right to pile the lumber as it did. There is no evidence of such an ordinance in the record, which is a sufficient answer to the claim.

Appellant's counsel also claims that the injury was due to the negligence of the child's parents, and therefore there

could be no recovery. The evidence does not, in our opinion, sustain the claim. The parents were working people, the father at his work and the mother engaged in her household duties. The child, with the mother's consent, went out to play on the public sidewalk with his sister, nine years of age. Considering the position in life of the parents and the consequent demand upon them to provide for their family, the ages of the children, the necessity of their playing somewhere on the summer afternoon, and that they went to play upon the public sidewalk so near to their home, we can not say they failed to exercise ordinary care in permitting the younger child to go out to play, as he did, accompanied by his older sister. Moreover, the evidence tends to show that deceased was in the exercise of all the care that an ordinarily prudent adult person would have exercised, and therefore any lack of care on the part of the parents could not be said to have contributed to the injury, and was of no moment. Chicago City Ry. Co. v. Robinson, 127 Ill. 9.

It is argued that the court erred in the modification of appellant's first instruction and in the refusal of seven other instructions requested. The point of the first instruction was that there could be no recovery if the child's parents failed to exercise ordinary care for its safety, and the instruction was modified so that to preclude a recovery it should appear that but for the lack of this care the accident would not have occurred. We think this was not error. The refused instructions are not justified by the evidence, unless it is the one numbered 7, and that is erroneous in that it ignores appellant's violation of the city ordinances.

Finally, it is said the damages are excessive. We can not so hold. The fixing of damages for the death of a young child is a matter peculiarly for a jury, and is so declared by the statute. Hurd, Ch. 70, Sec. 2; Cicero & Proviso St. Ry. Co. v. Boyd, 95 Ill. App. 510-14, and cases cited.

We can not say the amount of this verdict, $2,250, is such as to show any passion, prejudice or sympathy on the part

of the jury.   The trial seems to have been, as far as appears from the record, entirely free from any act or word of counsel or parties calculated to unduly influence the jury.   Such being the case, we will not disturb the verdict on this account.

The judgment is affirmed.