Jacob Binder, Appellant, v. Frederick Langhorst et al., Appellees.

Gen. No. 4,942.

APPEALS AND ERRORS—*when affirmance is by operation of law.* Where one of the judges of the Appellate Court is disqualified from the consideration of a cause and the remaining two judges disagree as to whether a cause should be affirmed or reversed, an affirmance results by operation of law.

Action on the case. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

A. H. SWITZER and MURPHY & ALSCHULER, for appellant.

Raymond & Newhall and Lee Mighell, for appellees.

**Per Curiam.** Mr. Presiding Justice Willis tried this case in the court below, and has therefore taken no part in its consideration here. The other members of the court have given the case a careful examination, and are divided in opinion as to whether the judgment should be affirmed or reversed. It is customary to say that such cases are affirmed by operation of law. The practice seems to have been founded upon an early statute which enacted that if the Supreme Court was equally divided in opinion the judgment of the court below should stand affirmed. R. S. 1827, p. 319, section 36 of Practice Act; R. S. 1845, p. 421, section 55 of Practice Act; Kerr v. Whiteside, Breese, 390. Since the Appellate Courts were established several cases so affirmed have gone to the Supreme Court, and have been there treated as properly so decided. Among these are Claflin v. Dunne, 30 Ill. App., 84, reviewed in 129 Ill., 241; Springer v. City of Chicago, 37 Ill. App., 206, reviewed in 135 Ill., 552; McDonald v. I. C. R. R. Co., 83 Ill. App., 463, reviewed in 187 Ill., 529; and Channon Co. v. Hahn, 90 Ill. App., 256, reviewed in 189 Ill., 28. In none of these did the Supreme Court notice the manner of the affirmance in the Appellate Court. But in Cross v. Will County National Bank, 71 Ill. App., 404, reviewed in 177 Ill., 33, and in Offut v. World's Columbian Exposition, 73 Ill. App., 231, reviewed in 175 Ill., 472, the Supreme Court mentioned the fact that the affirmance in the Appellate Court was by a divided court, and gave the course pursued an implied approval. Whatever the original source of the power of one member of the Appellate Court to effect an affirmance of a judgment, under such circumstances, that authority is fully recognized in this State. A like course has been pursued in other jurisdictions. The authorities upon the subject are found in 3 Am. Digest, Century Edition, 2416 to 2421. A judgment was so affirmed in an opinion by Chief Justice Marshall in Etting v. Bank of U. S., 24 U. S., 59, with the statement that such

a judgment did not settle the principles of law involved, and such seems to be the general view taken by other courts.

The judgment is therefore affirmed.

*Affirmed.*