## Emma Behrle, Defendant in Error, v. Henry Hust, Plaintiff in Error.

### Gen. No. 21,094.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A.
WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1915. Affirmed. Opinion filed May 12, 1916.

### Statement of the Case.

Action by Emma Behrle, plaintiff, against Henry
Hust, defendant, for damages for personal injuries.
To reverse judgment for one hundred dollars rendered
against him, defendant sued out a writ of error.

The evidence disclosed that while plaintiff was pass-
ing by the place of business of defendant she was bitten
by a dog belonging to the latter. It is admitted that
the defendant had no knowledge of any vicious or mis-
chievous propensities of the dog previous to the attack
in question; that there was a valid city ordinance in
force providing that, "No person shall cause or permit
any dog owned or kept by him to run at large on any
street, alley, or other public place within the city, at
any time, unless such dog shall be securely muzzled so
as to effectually prevent it from biting any person or
animal," and that the ordinance also provided a
penalty.

CHARLES S. WHARTON, for plaintiff in error; BENJA-
MIN SAMUELS, of counsel.

FARRELL & THOMPSON, for defendant in error; HOPE
THOMPSON, of counsel.

MR. JUSTICE GOODWIN delivered the opinion of the
court.

**438**      APPELLATE COURTS OF ILLINOIS.

## Abstract of the Decision.

1. ANIMALS, § 15*—*when owner liable for personal injuries inflicted by.* An owner having knowledge of the mischievous propensities of an animal, of a kind not naturally vicious, is liable for personal injuries caused by such animal acting in accord with such propensities.

2. ANIMALS, § 15*—*what liability of owner of animal known to be of mischievous propensities based upon.* Liability of owner of an animal of known mischievous propensities, for injuries caused by it, is not based on negligence but on the fact that he continued to own an animal known by him to be dangerous.

3. NEGLIGENCE, § 8*—*when failure to obey ordinance gives rise to action.* Damages resulting from failure to comply with the terms of an ordinance give rise to an action.

4. ANIMALS, § 14*—*when owner of illegally unmuzzled dog liable for injuries to person of another.* The owner of a dog is liable for damages to one bitten by it where such injury is the proximate result of allowing the dog on the street without being muzzled, in accordance with the provision of an ordinance.