## Marcella Wistafka, by Elizabeth Wistafka, Appellee, v. Peter M. Grotowski and Clemenz Blonder, Appellants.

### Gen. No. 21,945.

1. ANIMALS, § 39*—*when unnecessary to prove scienter in action for injuries by dog.* In a cause of action for plaintiff being bitten by defendant's dog, based upon defendant's violation of a city ordinance requiring a dog running at large to be muzzled as distinguished from the common-law action for negligence, *held* that it would not be necessary to allege or prove defendant's scienter.

2. ANIMALS, § 48*—*when instruction properly refused as based on wrong theory in action for injuries by dog.* An instruction, in an action to recover damages for plaintiff being bitten by defendant's unmuzzled dog, based upon defendant's violation of a city ordinance requiring all dogs to be muzzled, which was based upon a theory that it was necessary to allege and prove defendant's scienter, *held* properly refused.

3. EVIDENCE, § 458*—*when evidence on former trial is inadmissible.* Evidence on a former trial under an issue involving scienter on the part of defendant, *held* properly rejected in an action for injuries by a dog, where scienter on defendant's part was not an issue.

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed May 9, 1917. *Certiorari* denied by Supreme Court (making opinion final).

P. R. BOYLAN and HARRY H. FELGAR, for appellants.

JULIUS LIMBACH, for appellee; GEORGE F. ORT, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

This is an appeal by the defendant, from a judgment in a suit brought by a minor, by her next friend, for damages which were alleged to be the result of the defendant permitting a dog owned or kept by him to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CCV 34

run at large, in the city, without being muzzled, in violation of a city ordinance. The case has been tried three times and a verdict rendered in favor of the plaintiff in each instance.

On June 18, 1909, Marcella Wistafka, at that time a child about nine years of age, was bitten by a dog, which was unleashed and unmuzzled, while she was crossing some vacant lots on her way to school, and subsequently, by her next friend, she brought suit for personal injury. The amended declaration, upon which the case was tried, avers that on June 18, 1909, the defendant owned and controlled and kept a certain dog, in the City of Chicago; that there was in force in the City of Chicago an ordinance which provided, *inter alia*, that "no person shall cause or permit any dog owned or kept by him to run at large  * * * unless such dog shall be securely muzzled," etc., that "the owner or keeper of a dog who shall suffer such a dog to run at large at any time, in violation of the ordinance, shall be fined," etc.; that the defendant permitted the dog, unmuzzled, to run at large in a public place, and while the minor was exercising due care, said dog attacked and bit her, whereby she has been permanently injured.

The defendant filed a plea of the general issue. The case was tried before a jury, and after the evidence was all in, the plaintiff withdrew the two additional counts, which alleged scienter on the part of the defendant, leaving one count (as above set forth) charging a violation of the city ordinance, as the proximate cause. There had been a former trial in which a judgment had been rendered against the defendant in the sum of five hundred dollars, which was appealed to this court and reversed and remanded, on the ground that the proof failed sufficiently to show that the dog belonged to the defendant. [187 Ill. App. 285.] When the case was redocketed and retried, it was, upon the

count in the amended declaration, based upon a violation of the city ordinance.

It is claimed by the defendant: (1) that there was no allegation and proof of scienter; (2) that the court erred in not inspecting the certificate of evidence used in the Appellate Court in the former trial; (3) that the court erred in refusing to give instruction number *four* for the defendant, and giving instruction number *six* for the plaintiff.

As to the first contention: We are of the opinion that in a cause of action, such as this, based on the violation of the ordinance as distinguished from the well-known common-law action for negligence, it is not necessary to allege or prove scienter on the part of the defendant. *Behrle v. Hust,* 199 Ill. App. 437.

In *United States Brewing Co. v. Stoltenberg,* 211 Ill. 531, Mr. Justice Magruder said: "Inasmuch, therefore, as the City Council of Chicago had the power to pass the ordinance (referring to a speed ordinance), set up in the additional count and introduced in evidence in the case at bar, such ordinance has the force and effect of a statute. Its violation constitutes a prima facie case of negligence, if such violation caused the injury, which resulted in the death of the deceased." Likewise, in *H. Channon Co. v. Hahn,* 189 Ill. 28, the court said: "A breach of this ordinance as alleged in different counts of the declaration was clearly established by the proof, and this constituted a prima facie case of negligence, if the violation of the municipal law caused or contributed to the personal injury received by the appellee." *Cada v. The Fair,* 187 Ill. App. 111. In the latter case, the sale of a toy firearm to a minor, in violation of an ordinance, was stated to be sufficient to give rise to a cause of action for injuries received, providing it was alleged in the declaration that the minor was in the exercise of due care. The ordinance in question, in the pres-

ent case, gives rise perforce to new civil obligations, and if the violation of such an ordinance is the proximate cause of a personal injury, an action for damages may be maintained. It could make no difference whether the defendant knew the propensities and habits of the dog, because the law, that is the ordinance, provided that when off the defendant's place it must be muzzled or under leash. If he had complied with the ordinance the minor would not have been bitten by the dog, even though the defendant had no knowledge of the dangerous nature of the dog. The plaintiff was entitled to assume that the defendant would comply with the ordinance. The obligations which the ordinance imposed upon the defendant, a breach of which proximately resulted in the injury to the minor, did not exist at common law. That the plaintiff may recover, where the violation of an ordinance is the proximate cause of the injury, is an illustration of the elasticity and reasonableness of the law, which adjusts and applies itself to new rights and new obligations. At common law without scienter, the owner of a dog might be blameless, but under the ordinance whether he knows or not he may be liable. Knowledge of the habits of the dog is entirely negligible. He is not blameless if he does not know the habits of the dog and yet violates the ordinance. Since the ordinance in question was passed, dogs are allowed to go unmuzzled or unleashed only at their owner's peril. In the extreme case of *feræ naturæ*, knowledge on the part of the owner is conclusively presumed, and therefore no question of scienter arises. In the instant case, that of a domestic animal, knowledge is not conclusively presumed, but by reason of the ordinance is rejected as a subject of defense. The gist of the action at common law is keeping a vicious animal with knowledge; that of the present action, permitting the animal to go at large, unmuzzled or unleashed.

The instruction, number *four*, which the defendant claims was erroneously refused, was based upon the theory of scienter and therefore was properly refused. The instruction, number *six*, which was given and objected to by the defendant, is a correct statement of the law in the case and so was properly given.

The record of the evidence taken at the former trial, which was offered for the inspection of the trial judge, whatever that may mean, was properly rejected as the issues concerning which that evidence was offered originally involved scienter and, therefore, were not the same as those in the case at bar.

As there was ample evidence to support the verdict of the jury, both as to liability and amount, and as there are no material errors in the record, the judgment is affirmed.

*Affirmed.*