## Bettie Davis, Appellee, v. East St. Louis and Suburban Railway Company, Appellant.

Opinion filed June 3, 1937.

FARMER, KLINGEL & BALTZ, of Belleville, for appellant.

P. K. JOHNSON, of Belleville, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

By this action plaintiff seeks to recover damages for personal injuries alleged to have been caused by the negligence of defendant in the operation of one of its street cars, operating between Belleville and East St. Louis. The case was before this court at the May term, 1934, when a judgment for plaintiff for $2,500 was reversed and the cause remanded. 276 Ill. App. 609. In the second trial plaintiff obtained a judgment for $5,750 and by this appeal defendant seeks a reversal of that judgment.

Defendant's motions for a directed verdict and for a new trial were overruled and judgment was entered on

the verdict May 25, 1936. June 26 following, defendant filed a motion to vacate the judgment and for leave to amend his motion for a new trial and for a further hearing on such motion. The motion was denied.

The basis of the motion was newly discovered evidence in the nature of impeaching testimony of the plaintiff's witness, Laurence Cox. During the trial he testified that at the time of the accident he was hauling coal in a truck and was near the scene of the accident, when plaintiff fell from the steps of the street car; that he assisted her from the pavement, placed her in his truck and drove to her home. The affidavits filed to support the motion show that on the date preceding the accident, Cox attended his sister's wedding at Benton, Missouri, and that on the date of the accident and for some time before and after that date, Cox was engaged in his work in Missouri. In view of the fact that plaintiff and Cox were the only eyewitnesses to the accident, defendant's witnesses denying that there was such an accident, the materiality of the newly discovered evidence may be conceded.

The accident occurred February 12, 1931, and suit was filed February 10, 1933. Plaintiff's original declaration was filed March 31, 1933, and defendant's general issue plea April 4, 1933.

The question is raised as to whether defendant's motion to vacate the judgment is controlled by the provisions of the Civil Practice Act and should have been filed within 30 days after entry of the judgment or whether it is subject to the provisions of the statute as it existed prior to the adoption of the Civil Practice Act which permitted the filing of a motion to vacate a judgment at any time before the close of the term.

Par. 7, sec. 50, Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 178; Jones Ill. Stats. Ann. 104.050 (Smith Hurd, chapter 110, section 174), provides that the court may within 30 days after entry of a judgment

or decree set the same aside for good cause shown upon terms and conditions that shall be reasonable.

At the time of the adoption of the Civil Practice Act and the effective date thereof, January 1, 1934, certain amended sections of the Judgment Act became effective. Section 82, ch. 77, Smith Hurd (Ill. State Bar Stats. 1935, ch. 110 [Civil Practice Act], ¶ 268; Jones Ill. Stats. Ann. 104.099), provides that every judgment, decree, or order final in its nature should become effective as a conclusive adjudication at the expiration of 30 days from the date of its rendition and section 84 provides that judgments, decrees or orders after the expiration of 30 days are to have the same force and binding effect as judgments or decrees, entered prior to January 1, 1934, had after the expiration of the term of court at which they were rendered.

Under the statute as it existed prior to January 1, 1934, a court was vested with power and authority to modify, set aside or vacate judgments or decrees for good cause shown at any time during the term of court at which they were entered but by the amendments, that authority is limited to a 30-day period next following the entry of the judgment. If no action is taken within the 30-day period, the judgment or decree has the same force and effect as judgments or decrees did under the prior act after the expiration of the term at which they were entered.

Defendant contends that the Supreme Court, pursuant to power vested in it by the provisions of the Civil Practice Act, adopted Rule 1 by which it designates what cases are controlled by the provisions of the Civil Practice Act and which are controlled by the Practice Act as it existed prior to January 1, 1934.

It may be conceded that the date of filing suit, service and time of filing pleadings would bring this case within the class provided for in the last sentence of Rule 1 which is that ''Except as provided by this rule

or by written stipulation of parties, or by order of the court, upon notice and motion, proceedings instituted prior to January 1, 1934 shall not be governed by the Civil Practice Act'' but the rule does not undertake to regulate the adaptation of cases to sections 82, 83 and 84 of the Judgment Act. These sections of the judgment act and paragraph 7 of section 50 of the Civil Practice Act deal with the same subject matter and are not in conflict, the former being a more detailed and clearer expression of legislative intent than paragraph 7 of section 50.

The motion to vacate the judgment in this case is controlled by sections 82, 83 and 84 of the Judgment Act (Ill. State Bar Stats. 1935, ch. 110 [Civil Practice Act], ¶¶ 268–270; Jones Ill. Stats Ann. 104.099–104.101), and since it was not filed until after the expiration of 30 days from date of entry, it cannot be allowed.

Defendant further contends that the judgment should be reversed on the grounds that the verdict is not supported by a preponderance of the evidence and takes the position that the evidence does not establish the fact that any accident happened as plaintiff claims.

Plaintiff testified that as she was leaving the car, going down the steps, the car suddenly started or jerked and she was thrown to the pavement. Witness Cox corroborates her evidence on this point. John Hall, a passenger on the car, called by the plaintiff, testified that he saw plaintiff on the street car but did not see her fall and had no knowledge that she had fallen. Witness Juengel who was in the vicinity of the scene of the accident when it happened testified he did not see plaintiff fall but saw some persons assisting her from the pavement and placing her in a truck. Defendant's witnesses, including the motorman and conductor, testified that no such accident happened. With this conflict in the testimony the matter was properly

submitted to the jury and the court cannot substitute its views for the findings of the jury upon such controverted matters. Two juries passed upon this case, each finding the issues for the plaintiff and while there are some things in the evidence that would cast suspicion upon the testimony of certain witnesses who testified for the plaintiff, we cannot say as a matter of law that the verdict and judgment is not supported by the evidence.

Defendant contends that the court erred in admission of evidence. Dr. Reuss who had treated plaintiff for her injuries was asked the question if a woman afflicted with hernia as he had described plaintiff to have, had fallen from a street car onto a pavement, who had previously been in good health, without hernia, whether or not in his judgment that fall would have been sufficient to cause and bring about the condition he had described. The court sustained an objection and in its ruling stated that the witness cannot invade the province of the jury but he can state as a medical proposition whether that was sufficient and might have—not that it would have or did have, or in his judgment did—but whether it might have caused the injury. The witness answered, it might have caused the injury. In *Kimbrough v. Chicago City Ry. Co.*, 272 Ill. 71, 77, the court said ''A physician may be asked whether the facts stated in a hypothetical question was sufficient, from a medical or surgical point of view, to cause and bring about a certain condition or malady, or he may be asked whether or not a given condition or malady of a person may or could result from and be caused by the facts stated in the hypothetical question, but he should not be asked whether or not such facts did cause and bring about such condition or malady.'' The court's ruling was in accord with this rule.

Defendant's final contention is that the verdict is excessive and the result of passion and prejudice. In

its argument on this point defendant is content with making the general statement that the damages are excessive.

We have examined the record in reference to the injuries proven, pain suffered, loss of time and probably durations of such injuries and we are satisfied that the damages awarded are supported by the evidence. There were witnesses called in this trial who did not testify in the former hearing; there was an amendment to the declaration alleging injuries in addition to those contained in the declarations on the first trial. Throughout this trial the case was defended on the theory that no accident happened and that if plaintiff had physical ailments she had received them prior to the accident in question.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*