### COMMONWEALTH vs. ALBERT W. WORCESTER.

Middlesex.  January 1. — 31, 1879.  COLT & ENDICOTT, JJ., absent.

A complaint on the Gen. Sts. c. 87, § 6, charging the defendant with keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, is sustained by proof that the defendant furnished intoxicating liquors with meals supplied to customers, the payment for which included payment for the liquors.

COMPLAINT on the Gen. Sts. c. 87, § 6, charging the defendant with keeping and maintaining a certain dwelling-house in Concord, used for the illegal sale and illegal keeping of intoxicating liquors, the same being a common nuisance.

At the trial in the Superior Court, before *Allen,* J., the government called witnesses who testified that they went to the defendant's dwelling-house on two or three different occasions and had dinners or suppers; that with these meals, and as part thereof, they had wine, lager beer and other liquors; and that when they got through they paid the defendant for the meal, each paying what he pleased, and they thought they paid two dollars each.  The evidence did not show that there was any bar there, but that the table was spread, and they had chowder, beef, chickens, &c., and the wine and beer bottles were on the table.

The defendant asked the judge to instruct the jury as follows: "If the jury find upon the evidence that the defendant kept the house described in the complaint as his dwelling-house, and that occasionally parties of young men resorted there for meals of victuals only, that would not constitute such house a nuisance within the meaning of the law, although the defendant furnished with such meals wine or other intoxicating liquors, if the parties simply paid for the meals so furnished, and no bar for the sale of liquor was kept on the premises, and no liquor was sold or furnished except as aforesaid with the meals."

The judge declined to give the instruction requested, but instructed the jury that, if meals were furnished, and, as part of such meals, intoxicating liquors were furnished, and the payment for the meals included payment for the liquors, that

would constitute an illegal sale within the provisions of the statute.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*I. S. Morse*, for the defendant.

*J. F. Brown*, Assistant Attorney General, ( *C. R. Train*, Attorney General, with him,) for the Commonwealth.

AMES, J.    The instructions given by the presiding judge were correct.    The purchase of a meal includes all the articles that go to make up the meal.    It is wholly immaterial that no specific price is attached to those articles separately.    If the meal included intoxicating liquors, the purchase of the meal would be a purchase of the liquors.    It would be immaterial that other articles were included in the purchase, and all were charged in one collective price.    If a dealer should undertake to present a glass of liquor to everybody who should purchase some small article of him, it would be considered a mere evasion of the law prohibiting the unlicensed sale of intoxicating liquors.    As to the instruction which the court was requested to give, if its natural import was not that there was no sale of liquors in this case, if they were furnished as incident to and a part of the meal, and thus paid for, it was at least equivocal, and liable to be so understood by the jury.    The judge, therefore, was not bound to give it in the language suggested to him.    The instruction which he did give was correct, and contained all that the defendant was entitled to upon that subject.

*Exceptions overruled.*