## PEOPLE v. LANING.

(Supreme Court, Appellate Division, Second Department.   May 10, 1899.)

1. UNLAWFUL SALE OF OLEOMARGARINE—ACTION FOR PENALTY—PLEADING.
    Under Agricultural Law, § 26 (Laws 1893, c. 338, as amended by Laws 1897, c. 768), subjecting to a penalty persons selling as natural butter, produced from unadulterated milk or cream, any oleomargarine or other substance made in imitation of butter from animal fats or animal or vegetable oils not the product of the dairy, a complaint for the recovery of such penalty must show that the oleaginous substance sold was made from animal fats or animal or vegetable oils not the product of the dairy.
2. SAME—INTENT.
    Section 27 of said act, prohibiting under a penalty the manufacture of any substance not produced from milk or cream and not the product of the dairy, with intent to sell the same as butter made from unadulterated milk or cream, and the sale of such substance as natural butter, is not violated by selling an oleaginous substance not the product of the dairy and not made from milk or cream, unless the sale was with the intent to sell such substance as genuine natural butter.

Appeal from special term, Queens county.

Action by the people of the state of New York against Arthur E. R. Laning.   From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Frank H. Platt, for appellant.
P. E. Ackert, for respondent.

WILLARD BARTLETT, J.   This action is brought at the instance of the commissioner of agriculture against a boarding-house keeper, in pursuance of the provisions of section 8 of Agricultural Law (Laws 1893, c. 338), to recover a penalty of $100 for keeping, using, and serving as food for the guests, boarders, and employés of the defendant a substance made in violation of the provisions of article 2 of the agricultural law, which article relates to dairy products.   The food thus furnished is described in the complaint as "a certain oleaginous substance not produced or made exclusively from unadulterated milk or cream and not the product of the dairy, but an article or substance colored in imitation or semblance of natural butter produced from pure unadulterated milk or cream of the same."   The defendant has demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action; and the sole question which is raised upon this demurrer is whether there is a sufficient allegation that the defendant furnished to his boarders such an article as is prohibited by the agricultural law.

In support of his contention, the learned counsel for the appellant argues that, although other portions of the agricultural law

contain other prohibitions, it is plain that the plaintiff's attorney could have had reference to none except that contained in the first part of section 26 of the statute in question, which reads as follows:

"Manufacture and Sale of Imitation Butter Prohibited. No person by himself, his agents or employés, shall produce or manufacture out of or from any animal fats or animal or vegetable oils not produced from unadulterated milk or cream from the same, the article known as oleomargarine or any article or product in imitation or semblance of natural butter produced from pure, unadulterated milk or cream of the same." Laws 1893, c. 338, as amended by Laws 1897, c. 768.

It would seem necessary, in order to bring the case within the scope of this provision, that the complaint should allege that the article or product in imitation or semblance of natural butter which was kept by the defendant and furnished to his boarders had been manufactured from animal fats or animal or vegetable oils not produced from unadulterated milk or cream. This view is confirmed by reference to the first part of section 26, before its amendment in 1897, when it read:

"Manufacture and Sale of Imitation Butter Prohibited. No person, by himself, his agents or employés, shall produce or manufacture out of or from any animal fats or animal or vegetable oils not produced from unadulterated milk, or cream from the same, any article or product in imitation or semblance of natural butter produced from pure, unadulterated milk or cream of the same." Laws 1893, c. 338, as amended by Laws 1894, c. 426.

If we compare the provision before the amendment with the provision after the amendment, it clearly appears that the prohibition in this portion of the statute formerly related and now relates solely to substances manufactured out of animal fats or animal or vegetable oils not produced from unadulterated milk; so that, if the complaint cannot find support elsewhere than upon section 26 of the agricultural law, the omission to allege that the article kept and furnished by the defendant was made out of such fats or oils is fatal to the pleading. I was at first inclined to think that the complaint might be regarded as having been drawn under another provision of the statute, amply sufficient to sustain it. This is section 27, which, among other things, provides as follows:

"No person shall manufacture, mix or compound with or add to natural milk, cream or butter any animal fats or animal or vegetable oils nor make or manufacture any oleaginous substance not produced from milk or cream, with intent to sell the same as butter or cheese made from unadulterated milk or cream or have the same in his possession with such intent; nor shall any person solicit or take orders for the same or offer the same for sale, nor shall any such article or substance or compound so made or produced, be sold as and for butter or cheese the product of the dairy."

Here the prohibition against manufacturing for sale as butter or cheese any oleaginous substance not produced from milk or cream is not qualified or affected by the prior prohibition against adding animal fats or animal or vegetable oils to natural milk, cream, or butter; and the making or selling of such oleaginous substance is forbidden in a clause which is not limited by anything indicating that it is designed to apply only to articles derived from animal fats or animal or vegetable oils. In order to constitute a

manufacture in violation of this portion of the statute, however, it is essential that there shall be an intent to sell the oleaginous substance therein proscribed as genuine butter or cheese; but, unfortunately for the complaint before us, it lacks any allegation of such intent. I am therefore unable to perceive how it can be sustained; for the pleader has failed to allege facts sufficient to show that the article or substance furnished by the defendant to his boarders or employés was made in violation of any of the provisions of article 2 of the agricultural law; and this he must do in order to make out his statutory cause of action. Laws 1893, c. 338, § 28.

I think the interlocutory judgment should be reversed, and judgment directed for the defendant, with leave to the plaintiff to amend on the usual terms. All concur.