### STATE *v.* ROCCO LOTTI.

January Term, 1900.

Present : TAFT. C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed February 12, 1900.

*Intoxicating liquor—Sale to a boarder*—The furnishing of intoxicating liquor by a boarding house keeper to his boarders, as a part of the meals for which they pay, is, in effect, a sale to them of so much of the liquor so furnished as they drink, and the keeping of intoxicating liquor to be so furnished is unlawful.

INDICTMENT for selling, furnishing and giving away intoxicating liquor contrary to law. Washington County, September Term, 1899, *Thompson*, J., presiding. Trial by jury. Verdict, guilty. Judgment on verdict. Exceptions by respondent.

The only exception was to the instruction recited below. The testimony to which the instruction was applicable was given by the respondent and sufficiently appears from the opinion.

The court instructed the jury that while the respondent had a right to keep wine and ale to use himself, or for the use of his wife, mother and children, and for members of his private family, that if they found that he kept such wine and ale with the intent to furnish the same to his boarders for hire—as testified by the respondent—such keeping would be in violation of law, and the jury would be warranted in returning a verdict of guilty.

*Richard A. Hoar,* State's Attorney, for the State.

. *Lord & Carleton and F. L. Laird* for the respondent.

TAFT, C. J.  The respondent kept a boarding house, with sixteen boarders and lodgers, and two or three boarders.  At dinner and supper he furnished them with ale and wine, and they were accustomed to drink it.  The boarders and lodgers paid the respondent sixty cents per day for their board and lodging.  The furnishing of the ale and wine by the respondent to his boarders, as a part of their meals, was in effect a sale to them of so much ale and wine as they drank, and the keeping of it by the respondent for that purpose was unlawful.  The case is not within sec. 4462 V. S. providing that the words "give away" as used in Chap. 187 V. S. shall not apply to the giving away of liquors by a person in his private dwelling.  The question was whether the transaction was a sale, not a gift, and the case was submitted upon the ground that the ale and wine were furnished for pay as a part of the meals.  There was testimony to support the claim, the charge was correct, and the verdict must stand.

If a "person in his private dwelling" furnishes a man his dinner, and with it, and as a part of it, intoxicating liquors, and receives pay for it, such transaction is a sale of the liquors so furnished.

*Judgment that there is no error in the proceedings and the respondent takes nothing by his exceptions.  The judgment rendered upon the verdict in the County Court is affirmed, and sentence and execution ordered.*