[S. F. No. 5814.    In Bank.—March 22, 1913.]

## CITY AND COUNTY OF SAN FRANCISCO, Respondent, v. CARL G. LARSEN, Appellant.

MUNICIPAL CORPORATIONS — SAN FRANCISCO — LICENSE — RESTAURANT KEEPER NOT ENGAGED IN BUSINESS OF SELLING GOODS.—One who keeps a restaurant is not engaged in the business of selling goods, within the meaning of the provision of the charter of the city and county of San Francisco (sec. 1 of chapter II, article II; Stats. 1899, p. 248), prohibiting the imposition of a license-tax upon "any person who at any fixed place of business in the city and county, sells or manufactures goods, wares and merchandise," and an ordinance imposing a license-tax upon such a person is valid.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.    J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Edward C. Harrison, and Maurice E. Harrison, for Appellant.

Percy V. Long, City Attorney, and N. J. Manson, Assistant City Attorney, for Respondent.

SHAW, J.—This action was begun to recover of the defendant the sum of forty-two dollars, claimed to be due from him to the plaintiff for license-taxes imposed upon him for keeping a restaurant in the city for the period of six months, ending December 31, 1909. The court below gave judgment for plaintiff. Defendant appeals from the judgment and from an order refusing a new trial.

The ordinance imposing the license-tax sued for is numbered 1677. It imposes a license-tax upon the owners or keepers of hotels, boarding houses, lodging houses, apartment houses, restaurants, and upon caterers, the amount of the tax depending upon the amount of the quarterly gross receipts from the business. Upon that basis the quarterly tax upon the business of the defendant was twenty-one dollars.

The validity of the ordinance is attacked upon the ground that it is contrary to the provisions of the city and county charter prescribing the powers of the board of supervisors, referring to section 1 of chapter II, article II (Stats. 1899, p. 248). The section contains thirty-five subdivisions. The parts of it with which we are here concerned are the opening sentence and subdivision 15, which are as follows:

"Subject to the provisions, limitations and restrictions in this charter contained, the board of supervisors shall have power;

"15. To impose license-taxes and to provide for the collection thereof; but no license-taxes shall be imposed upon any person who at any fixed place of business in the city and county, sells or manufactures goods, wares or merchandise, except such as require permits from the board of police commissioners as provided in this charter."

The exception covering kinds of business requiring a police permit refers to the business of selling intoxicating liquors and the kinds of business mentioned in section 1 of chapter III, article VIII, and chapter IV, section 7. (Stats 1899, p. 327.) This exception does not affect the present case.

On behalf of the appellant, the argument is, that one who keeps a restaurant is engaged in the business of selling goods, and, hence, that he comes within the terms of the prohibition against the imposition of license-taxes on a person who sells goods, wares, and merchandise at a fixed place of business.

It cannot be denied that the eating of food by a customer at a restaurant, in the regular course of business, involves a sale of the food eaten. The price of the food alone is usually not specified, but it is included in a lump sum with the charge for service and use of dishes, chair, and table. It is nevertheless a sale of the food consumed, within the technical definition of that term.

But this single point of coincidence does not necessarily bring the restaurant keeper within the class described in the exempting clause. We are not dealing solely with the question whether or not he does, in his business, technically sell goods, but with the question whether or not, within the meaning of the provision prohibiting license-taxes upon described places of business, he is a person who "sells or manufactures goods, wares or merchandise." We must look to the phrase as a whole, consider its object and purpose and give it a meaning according to the ordinary acceptation of the words used. When we speak of a place where the business of selling or manufacturing goods, wares, or merchandise is carried on, we do not usually think of restaurants in that connection. One who mixes and cooks foodstuffs is engaged in the business of manufacturing goods, if we use the words according to their literal meaning, but if we mention manufacturers we should scarcely expect to be understood to refer to the keepers of restaurants. A restaurant keeper is not, according to ordinary usage, either a merchant or a manufacturer. The fact is that both the sale and the manufacture of food are mere minor incidents to the keeping of a restaurant. A restaurant is, primarily, a public eating place. It is not, primarily, or according to the ordinary habit of speech a place where the business of manufacturing or selling goods, wares, or merchandise is carried on. We are of the opinion that this phrase in the charter was used in its ordinary acceptation, to describe what is usually understood by the words when used in that collocation, and that when so understood the business of selling or manufacturing goods, wares, or merchandise does not

include the business of keeping a hotel or restaurant. The opening clause of the subdivision confers general power to impose license-taxes upon all kinds of business. As this particular business does not fall within the exemption provided in the second clause, it follows that the board of supervisors had power to enact the ordinance under which the judgment was given.

The judgment and order are affirmed.

Sloss, J., Angellotti, J., Melvin, J., and Henshaw, J., concurred.

Rehearing denied.