# COURT OF APPEALS.

## June 5, 1917.

## THE PEOPLE v. LOUIS P. CLAIR, Deceased.

### (221 N. Y. 108.)

CONSERVATION LAW—VIOLATION OF PROVISIONS THEREOF FORBIDDING THE SELLING OF GAME OUT OF SEASON—WHEN SERVING OF PARTRIDGES AS PART OF MEAL FURNISHED BY A HOTEL KEEPER CONSTITUTED VIOLATION OF SUCH PROVISIONS.

1. A construction of the Conservation Law should be adopted as appears most reasonable and best suited to accomplish its purpose.

2. Defendant, a hotel keeper, served with partridges two guests who were stopping with him for several days and who paid for their entertainment, stating that the partridges had been given him. The meal was served in the dining room at a table occupied by the guests, separate from the table occupied by the defendant and his wife and one of his employees, the partridges being the only meat course served. *Held*, that on the facts appearing by the record the partridges were sold, as matter of law and within the prohibition of the statute.

People v. Clair (175 App. Div. 912) reversed.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the Fourth Judicial Department, entered October 23, 1916, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term in an action to recover penalties for the sale of game in violation of sections 176 and 180 of the Conservation Law.

The facts, so far as material, are stated in the opinion.

*Egburt E. Woodbury, Attorney-General (William T. Moore,* of counsel), for appellant. The service of partridges with a meal paid for in weekly board bill is a sale of the partridges within the prohobition of sections 176 and 180 of the Con-

servation Law.    (Fleming v. People, 27 N. Y. 327; People
v. Kebler, 106 N. Y. 321; People v. Briggs, 114 N. Y. 56;
Rowell v. Janvrin, 151 N. Y. 60; Hart v. Clies, 8 Johns. 40;
Hudson Iron Co. v. Alger, 54 N. Y. 173; Comm. v. Phœnix
Hotel Co., 157 Ky. 180; People v. Fox, 4 App. Div. 38; Peo-
ple v. Laning, 40 App. Div. 227; People v. Russell, 134 N. Y.
Supp. 1068; Comm. v. Warren, 160. Mass. 533; Comm. v.
Vieth, 155 Mass. 442; Comm. v. Miller, 131 Penn. St. 118.)

*James P. O'Donnel,* for respondent.    The service of the
partridges in question was merely a gift and not a sale as con-
templated by the statute.    (Gray v. Barton, 55 N. Y. 68.)

CHASE, J.:

On October 30, 1915, two men, one a confidential agent of
the Conservation Commission of the State of New York, and
the other a game protector employed by said commission, but
unknown to the defendant, went to a small hotel in the town
of Wilmurt, in the county of Herkimer, of which the defendant
was the proprietor, and remained there until the morning of
November 7.    They departed that morning, paying $15.50
each for their board and room, being at the rate of two dollars
per day for the time that they had been guests for pay of the
defendant.

At the close of the noon meal on November 6 the defendant
brought from the kitchen into the dining room two dead part-
ridges, and said to one of his said guests that the partridges
had been given to him and that he was going to serve them at
the evening meal that night.    The meal was served in the din-
ing room that evening at a table occupied by the commission
employees, the defendant's said guests, separate from the table
occupied by the defendant and his wife and one of his em-
ployees.    The only meat course served to the defendant's said
guests were the two partridges which they ate.

Section 180 of the Conservation Law (Cons. Laws, chap. 65), provides: "The dead bodies of birds belonging to all species or sub-species, native to this State, protected by law or belonging to any family, any species or sub-species of which is native to this State and protected by law shall not be sold, offered for sale, or possessed for sale for food purposes within this State whether taken within or without this State, except as provided by sections three hundred and seventy-two and three hundred and seventy-three."

Partridges are native to this State. They are game birds and were at the time mentioned protected by law. (Conservation Law, §§ 210 and 214.) Sections 372 and 373 of the Conservation Law are not material in the consideration of the question now before us. The question is a simple one and it is whether serving the partridges by the defendant as a part of the meal furnished by him and paid for by his guests as stated constitute a sale of said partridges for food purposes.

It is not claimed that there was any illegality in the possession of the birds nor that it would be illegal if in good faith they were given away. The Conservation Law is intended to preserve the natural resources of the State including game birds enumerated therein and to prevent what is commonly known as " pot hunting," or the killing of birds for profit to the hunter, and in generally dealing therein commercially. For that purpose, among other things, it prohibits the *sale* of the dead bodies of birds that are protected by law.

The preservation of such animals, birds and fish as are adapted to consumption as food, or to any other similar useful purpose, is a matter of public interest, and it is within the police power of the State as the representative of the people to make such laws as will best preserve such game and secure its beneficial use in the future to the citizens of the State, and to that end it may adopt any reasonable regulations not only as to time and manner in which such game may be taken and killed, but also may impose limitations upon the right of property in

such game after it has been reduced to possession. Such limitations deprive no person of his property, because he who takes or kills game had no previous right to property in it, and when he acquires such right by reducing it to possession he does so subject to such conditions and limitations as the Legislature has seen fit to impose. (State v. Rodman, 58 Minn. 393; Geer v. Connecticut, 161 U. S. 519; American Express Co. v. People, 133 Ill. 649; State v. Dow, 53 L. R. A. 314; People v. Bootman, 180 N. Y. 1.)

A construction of the Conservation Law should be adopted as appears most reasonable and best suited to accomplish its purpose. (Pierson v. People, 79 N. Y. 424; People v. Fox, 4 App. Div. 38; People v. Laning, 40 App. Div. 227.)

Clearly, if in a hotel where meals are served *a la carte* a partridge is ordered prepared and served as food and paid for as such it would constitute a sale within the meaning of the statute. (Commonwealth v. Phœnix Hotel Co., 157 Ky. 180.)

The service of the partridges by the defendant enabled him to omit the service to his guests of other meat or food in their place and stead and saved him the expense of purchasing and paying for such other meat or food. The service of prohibited game as a part of a *table d'hote* meal is necessarily a sale of such game, and it is paid for by the payment for the meal, at least to the extent of a part of the agreed price for such meal.

Any other construction of the statute would enable hotel and boarding house keepers with the aid of associates and assistants to serve game during the open season at regular *table d'hote* meals with little, if any, limitation or restriction. An incentive for an unwise and unreasonable destruction of game would thus remain notwithstanding the statute. It was, among other things, to take away such incentive that the statute was passed. (See People v. Bootman, *supra*.) There are many reported decisions by the courts which, while not involving the precise question now before us, are analogous in principle.

It was held in Vermont that the furnishing of intoxicating liquors by a boarding house keeper to his boarders as a part of a meal for which they paid is in effect a sale to them. (State v. Lotti, 72 Vt. 115.)

It was held in Massachusetts that the delivery of milk to the purchaser of a *table d'hote* breakfast as a part of such breakfast is as much a sale of the milk within the statute regulating the quality of milk as if a special price had been put on it or if it had been bought and paid for by itself. (Commonwealth v. Warren, 160 Mass. 533. See Commonwealth v. Worcester, 126 Mass. 256.)

It has been held in Pennsylvania that serving oleomargarine at a public restaurant as a substitute for butter and as a part of a meal for pay constitutes a sale thereof within the prohibition of the statute for the prosecution of the adulteration of dairy products and fraud in the sale thereof. (Commonwealth v. Miller, 131 Penn. St. 118.)

It has recently been held by the United States Supreme Court that the performance in a restaurant or hotel dining room by persons employed by the proprietor of copyrighted musical compositions for the entertainment of patrons without charge for admission to hear it infringes the exclusive right of the owner of the copyright under federal statutes. Justice HOLMES, writing for the court, said: " If the rights under the copyright are infringed only by a performance where money is taken at the door they are very imperfectly protected * * *. It is enough to say that there is no need to construe the statute so narrowly. The defendant's performances are not eleemosynary. They are part of a total for which the public pays, and the fact that the price of the whole is attributed to a particular item which those present are expected to order, is not important. It is true that the music is not the sole object, but neither is the food, which probably could be got cheaper elsewhere." (Herbert v. Shanley Company, 242 U. S. 591, 594.)

Persons who have game in their rightful possession within

the terms of the statute may in good faith give the same away or serve the same to an invited guest. It is possible that if the game is served independently of the regular meal by a hotel or boarding house keeper, that the question whether the same as so served, is a gift or a sale, may be one of fact. The facts appearing by the record in this case, however, show that the partridges were sold as matter of law and within the prohibition of the statute.

The judgment should be reversed, with costs in this court and in the Appellate Division.

COLLIN, CUDDEBACK, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment reversed.