## H. S. SMITH v. CHRIST CARLOS.

Springfield Court of Appeals, January 29, 1923.

1. **SALES: Restaurant Keeper Held to Implied Warranty that Food Furnished by Him is Pure and Wholesome.** There is an element of sale in the service of food by a restaurant keeper, and one made ill by unwholesome food purchased in restaurant may recover for injury on an implied warranty that the food is pure and wholesome.

2. **FOOD: Restaurant Keepers Insurers of Wholesomeness of Food Served.** Necessity requires that one who holds himself out as a public furnisher of food and an expert in producing and preparing the same be held as an insurer against injury occasioned by a failure to furnish wholesome and pure food to eat.

Appeal from the Circuit Court of Butler County.—*Hon. Almon Ing*, Judge.

AFFIRMED.

*H. H. Freer* and *Sheppard & Sheppard* for appellant.

There is no implied warranty on the part of a restaurant proprietor that the food is fit for human consumption. Bigelow v. Maine Central R. R. Co., 85 Atl. 396; Sheffer v. Willoughby, 163 Ill. 518; Loucks v. Morley, 39 Cal A. 570. Appellant was not a "dealer" in foodstuffs. Loucks v. Morley, supra.

*J. L. Poynor* and *Sam M. Phillips* for respondent.

The defendant, being the keeper of a public eating house, is liable for any injury sustained by plaintiff upon an implied warranty irrespective of negligence caused by any defect in the food served by him. Friend v. Child's Dining Hall Co., 231 Mass. 65, 120 N. E. 407; 5 A. L. R. 1100; Race v. Krum, 222 N. Y. 410, 118 N. E. 853; Barrington v. Hotel Astor, 184 App. Div. 317, 171 N. Y. S. 840. Restaurant keeper is liable on an implied warranty for injury resulting to a patron from defective food served by him to be eaten immediately upon his premises. Barks v. Dixon et al., 115 Minn. 172, 131 N. W. 1078; Wiedeman v. Keller, 171 Ill. 93; Van Backman v. Fondant, 12 Johns (N. Y.), 468, 7 Am. Dec. 339; Parks v. Tie Company, 144 Pac. (Kan.) 202.

FARRINGTON, J.—Judgment for $1000 was given plaintiff who alleged that he was injured by eating an unwholesome and putrid fish served to him by defendant who owned and operated a restaurant known as the Plaza Cafe, conducted on the a la carte service plan.

The preponderance of the evidence shows that the defendant himself served to plaintiff the black bass which

was putrid, infecting plaintiff with ptomaine poison. Under the evidence the judgment is not excessive.

Appellant contends, first, that plaintiff recovered on an implied warranty when his petition counted on a tort —negligence. The ultimate facts are pleaded and the petition will support a recovery on breach of contract.

The appellant's main contention is that the only recovery against a defendant engaged in running a restaurant, such as in this case, must be based on negligence and that he is not liable on breach of implied warranty. No Missouri cases are found on this question. Other courts are divided on the proposition. The two principal cases (collating the authorities) relied on by appellant and supporting his position are, Valeri v. Pullman Co., 218 Fed. 519, and a dissenting opinion in Friend v. Childs Dining Hall Company, 231 Mass. 65, 120 N. E. 407; on the other hand the majority opinion in the latter case, and the case of Race v. Krum, 222 N. Y. 410 118 N. E. 853, L. R. A. 1918 F. 1172, and Barrington v. Hotel Astor, 184 App. Div. 317, 171 N. Y. Supp. 840, hold that there is an implied warranty of pureness of food furnished by a restaurant keeper and subject him to liability for special damages that may result from furnishing impure food. We think that the element of a sale of food enters into the transaction where one goes into a restaurant, makes an order from a menu card upon which is marked different prices for different dishes. The fish in this case was ordered and delivered for immediate use, and the same reason that would hold the grocer, or the butcher, or the manufacturer, indeed, who never sees the ultimate customer, on the theory of an implied warranty should also apply with equal force and reason to the restaurant keeper who hands out a fish produced, prepared and served by him to one of his guests.

The trend of the times is to require eating houses to be as sanitary as possible, and to protect the public as far as can be by inspections, tests, etc. The importance of pure food to the public, and the inability of a

Smith v. Carlos.

guest to see or examine his food prior to its preparation and cooking, of necessity requires that one who holds himself out as a public furnisher of food and an expert in producing and preparing the same be held as an insurer against injury occasioned by a failure to furnish wholesome and pure food to eat. The judgment of the trial court is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.