CLARK RESTAURANT CO. v. SIMMONS.

Ohio Appeals; 8th Dist., Cuyahoga Co.

No. 8456. Decided Dec. 19, 1927.

Syllabus by Editorial Staff.

541. FOODS AND DRUGS—614. Hotels and Restaurants—829. Negligence.

1. Section 12760 GC., which provides against selling of deleterious or adulterated food, held to apply to hotels and restaurant keepers.

2. Restaurant keeper held liable to customer who ate piece of glass in pie, regardless of whether such restaurant baked such pie or not.

3. Statute held to make those who sell food supplies, whether market or hotel or restaurant, practically insurers of wholesomeness of food which they vend.

Error to Common Pleas.
Judgment affirmed.

Mooney, Hahn, Loeser & Keough, Cleveland, for Clark Co.
Wm. S. FitzGerald, Cleveland, for Simmons.

STATEMENT OF FACTS.

In the court below plaintiff brought an action against the Clark Restaurant Company to recover damages, for having been sold a piece of pie, in the Clark restaurant, which contained a piece of glass, some ¾" in length by ½" in width, claiming that he was damaged thereby, and he recovered a judgment for $2000.

VICKERY, J.

"It is claimed that there is no evidence in the record which shows negligence on the part of the Clark Restaurant Co.; that, as it was an action in negligence, the burden of proof was upon the plaintiff to prove negligence. ,

The case of The Portage Markets Co. v. George, 111 OS. 775, went up from Akron. The Supreme Court of Ohio construed, to a certain extent, Section 12760 GC., which provided against the selling of deleterious or adulterated food, and held the Market Company responsible for damages resulting in injuries by reason of the sale of such unwholesome food. In that case they expressly withheld any opinion as to whether that statute applied to hotels or restaurant keepers.

In a recent case, Harry C. Long v. Cleveland Hotel Co., No. 7735, decided by this court, we held that The Cleveland Hotel Co. was responsible in damages resulting from the sale, to one of its patrons, of certain unwholesome meat, which resulted in injuries, as it was claimed, to the patron of the Hotel, holding, in effect, that the statute applied to all sales of food, whether they were made by a hotel company or by a dealer in food products alone.

It is argued, both in the Cleveland Hotel case and the instant case, that there was no sale of the produce to the patron, because the sale mentioned in the statute refers only to the market man or the wholesaler, and that it is only SERVICE for the hotel to its patron, and not a sale.

Let us see how this would sound. A saloon keeper, or one dealing in liquor, buys it from some source, and he serves to his patrons over the counter, or over the bar, or over the table, a single glass of alcoholic liquor, to be drunk on the premises, for which he receives money. The books are filled with cases where men and women have been convicted of a sale in violation of law, when only a single glass of liquor has been served to a patron. If a glass of whiskey or other liquor served to a patron is a sale, why shouldn't a beefsteak or a piece of pie served likewise for money be a sale?

We are not captivated by the argument in this respect that there was no sale. When this plaintiff went into the restaurant to get a piece of pie, they sold him a piece of pie, and that piece of pie had an adulterous substance in it, which caused the injury resulting in the suit, and the damages recovered therein.

It is argued in this case by the plaintiff in error that the rule of common law negligence applies, and as the restaurant keeper did not make the pies, it is not legally responsible. The record is silent on the subject as to whether the Clark Restaurant made this pie or not, but we apprehend there cannot be one rule of liability applicable to a restaurant keeper or a hotel keeper that makes its own pies and another rule applicable to a restaurant keeper who goes out and buys pies. We think that public policy demands that those who cater to the public should be liable to their patrons for the deleterious effect of supplies which they sell to them.

We think that the statute, above cited, changes and makes more stringent the rule governing those who sell food and food supplies, whether it be in the market, in the hotel or in the restaurant. In other words, it practically makes them an insurer of the wholesomeness of the food which they vend.

We, having reviewed the entire case, can see no error that would warrant us in disturbing the judgment and it will, therefore, be affirmed."

(Sullivan, PJ, and Levine, J., concur.)