## MILLS RESTAURANT CO v CLARK

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12455. Decided Feb 7, 1933

Klein and Diehm, Cleveland, for plaintiff in error.

Bernon, Mulligan, Keeley and LeFever, Cleveland, for defendant in error.

MAUCK, PJ, MIDDLETON and BLOSSER, JJ (4th Dist) sitting.

MAUCK, PJ.

The evidence showed that on the day mentioned the plaintiff did purchase of the defendant the lunch described in the petition; that on the preceding evening she dined on veal; that at breakfast the plaintiff had drunk only a cup of coffee; that she was in good health; that within an hour and a half or two hours she became ill with cramps and nausea; that an hour or two later she collapsed; that she took emetics which were followed by vomitings and severe distresses. On the following day her mouth and lips were blistered, and late in the afternoon of September 5 a physician was called who diagnosed the case as one of ptomaine poisoning. This physician testified that ptomaine poisoning was due to poison proceeding from decomposed foods, and that if Mrs. Clark had eaten salmon as she testified he would attribute her condition to the salmon.

These are the salient facts brought out by the plaintiff. On these facts she claimed the right to go to the jury and to recover. Her claim was that these facts made a case of negligence per se against the defendant because they tended to show a violation by the defendant of the provisions of §12760 GC reading as follows:

"Whoever sells, offers for sale, or has in his possession with intent to sell, diseased, corrupted, adulterated or unwholesome provisions without making the condition thereof known to the buyer shall be fined," etc.

This section has been held to apply to a sale of food by a restaurant keeper. **Clark's Restaurant Co. v Simmons, 29 Oh Ap 220,** (6 Abs 367). That it is not necessary that the defendant be shown to have knowledge of the condition of the food and that a violation of the section is negligence per se were questions settled in **Portage Markets Co. v George, 111 Oh St 775.**

The term unwholesome is sometimes used as an equivalent for unhealthful. It can not be given so broad an interpretation in the section quoted. The associated words and sound reason require that it be construed to apply only to foods that have an added or acquired character of an unwholesome nature, and that have become unwholesome to people generally and not to a particular individual and to people under normal and not under abnormal conditions. Mushrooms are normally unwholesome to some persons; iced tea is unwholesome for normal persons under abnormal conditions, but neither mushrooms nor iced tea are essentially unwholesome foods.

For the plaintiff to make a case under the statute she was required to prove something more than that she bought and ate the salmon and following that she became ill. It is not sufficient if she go even further and show that her illness was due to the salad. She must also show that the salmon was unwholesome in the sense that it was not in its natural state but had become so tainted that normal persons generally, in a normal condition, would have been adversely affected by its use. The evidence in this case did not meet these requirements nor tend to do so. It failed fundamentally in not showing that the food was unwholesome as above defined. Let us assume the fact to be proven that the plaintiff had ptomaine poisoning. The contents of her stomach were not analyzed and no fact, therefore, was developed as to the cause of her disturbance. It was shown, however, that the salmon had been eaten and it was competent for the jury to infer that the salmon had caused the illness. No further inference could be drawn, however, from this inference. **Sobalovitz v Lubric Oil Co., 107 Oh St 204.** The further element of the case necessary to recover, to-wit, that when sold the salmon had acquired an unwholesomeness that rendered it unfit for consumption by normal people, was wholly unsupported.

The defendant was entitled to a directed verdict at the conclusion of the plaintiff's testimony. The error in overruling it was waived by proceeding to a defense upon the facts without a renewal of the motion at the conclusion of all the testimony. **Youngstown and Suburban Railway Co. v Faulk, 114 Oh St 572.**

The judgment is reversed as being contrary to law and the case is remanded to the Court of Common Pleas for further proceedings according to law.

MIDDLETON and BLOSSER, JJ, concur.