(No. 22813.—

THE BREVOORT HOTEL COMPANY, Appellant, *vs.* KNOWLTON L. AMES, JR., Director of Finance, Appellee.

*Opinion filed April 18, 1935—Rehearing denied June 12, 1935.*

STONE, J., specially concurring.
SHAW, J., dissenting.

CAMPBELL, CLITHERO & FISCHER, (CARLTON L. FISCHER, and RAYMOND P. FISCHER, of counsel,) for appellant.

OTTO KERNER, Attorney General, (MONTGOMERY S. WINNING, JAMES G. SKINNER, and WILLIAM C. CLAUSEN, of counsel,) for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

The Brevoort Hotel Company filed its complaint in the circuit court of Cook county against Knowlton L. Ames, Jr., as Director of Finance of this State, under the provisions

of the Retailers' Occupation Tax act, (Cahill's Stat. 1933, chap. 120, pars. 426-439; Smith's Stat. 1933, chap. 120, pars. 440-453;) seeking to enjoin collection of a tax at the rate of two per cent of its gross receipts from the furnishing of food in its hotel. The trial court sustained defendant's motion to dismiss the complaint and entered a decree dismissing it for want of equity. Plaintiff has perfected its appeal directly to this court, as the revenues of the State are involved.

The sole question is whether persons engaged in serving meals in restaurants or dining rooms of a hotel conducted on the so-called European plan are "persons engaged in the business of selling tangible personal property at retail in this State," within the meaning of the Retailers' Occupation Tax act.

Appellant contends the act does not apply to its business because it can include only those persons reasonably classified as retailers or traders, that the business of an innkeeper or hotel-keeper is not a retail or trading business and cannot be so classified, and that the service of a meal to a patron of a hotel is not a sale within the ordinary meaning of that term. We find nothing in the act indicating an intention to limit its scope to persons engaged in mercantile or trading pursuits, as those words are ordinarily used, and none of the authorities cited in support of the attempt to so limit the scope of the act either compels or justifies any such conclusion. The cases of *Toxaway Hotel Co.* v. *Smathers & Co.* 216 U. S. 439, and *In re United States Hotel Co.* 134 Fed. 225, which are relied upon by appellant in this connection, hold merely that a hotel company furnishing rooms and meals to guests is not a corporation principally engaged in trading or mercantile pursuits within the meaning of the Bankruptcy act and therefore cannot be adjudicated a bankrupt. Cases of this kind are of no aid in deciding the question before us. In another case cited by appellant (*City and County of San-*

*Francisco* v. *Larsen,* 165 Cal. 179, 131 Pac. 366,) it was held that a person engaged in operating a restaurant was not engaged in selling or manufacturing goods, wares or merchandise within the meaning of an act exempting such persons from a license tax. The court recognized, however, that "the eating of food by a customer at a restaurant, in the regular course of ·business, involves a sale of the food eaten." *City of Chicago* v. *M. & M. Hotel Co.* 248 Ill. 264, holds merely that a provision of the Cities and Villages act authorizing cities to "pass and enforce all necessary police ordinances" affords no authority for an ordinance to license and regulate the business of a hotel. In *Potson* v. *City of Chicago,* 304 Ill. 222, it was held that authority granted to cities to license and regulate "keepers of ordinaries" was not broad enough to include restaurant-keepers, inasmuch as the word "restaurant" has a well known and popular meaning, which would have been used had authority to license and regulate such a business been intended.

Section 1 of the act defines a "sale at retail" as "any transfer of the ownership of, or title to, tangible ·personal property to the purchaser, for use or consumption and not for re-sale in any form as tangible personal property, for a valuable consideration." Section 2 provides that "a tax is imposed upon persons engaged in the business of selling tangible personal property at retail in this State at the rate of two per cent (2%) of the gross receipts from such sales in this State of tangible personal property made in the course of such business." There can be no doubt under the provisions of the act but that the food served in a restaurant or hotel is tangible personal property, and that it is served at retail "for use or consumption and not for re-sale in any form as tangible personal property."

Numerous authorities have been cited in which the courts have considered whether the serving of food or drink amounts to a sale, but in our opinion these authori-

ties are not controlling. In some of these cases the question was simply one as to the liability of a restaurant or hotel proprietor for furnishing food which was not fit for human consumption. Liability was attempted to be predicated upon the theory that the transaction amounted to a sale, and there was therefore an implied warranty of fitness. In some cases of this type the transaction has been held not to amount to a sale. (*Merrill* v. *Hodson,* 88 Conn. 314, 91 Atl. 533; *Lynch* v. *Hotel Bond Co.* 117 id. 128, 167 Atl. 99; *Kenney* v. *Wong Len,* 81 N. H. 427, 128 Atl. 343; *Nisky* v. *Childs Co.* 103 N. J. L. 464, 135 Atl. 805; *Rowe* v. *Louisville and Nashville Railroad Co.* 29 Ga. App. 151, 113 S. E. 823. See, also, *Loucks* v. *Morley,* 39 Cal. App. 570, 179 Pac. 529, and *Valeri* v. *Pullman Co.* 218 Fed. 519.) In other cases of the same type a contrary conclusion has been reached, the holding being that the transaction did amount to a sale. (*Friend* v. *Childs Dining Hall Co.* 231 Mass. 65, 120 N. E. 407; *Smith* v. *Gerrish,* 256 id. 183, 152 N. E. 318; *Temple* v. *Keeler,* 238 N. Y. 344, 144 N. E. 635; *Barrington* v. *Hotel Astor,* 184 App. Div. 317, 171 N. Y. S. 840; *Clark Restaurant Co.* v. *Simmons,* 29 Ohio App. 220, 163 N. E. 210; *Heise* v. *Gillette,* 83 Ind. App. 551, 149 N. E. 182; *Smith* v. *Carlos,* 215 Mo. App. 488, 247 S. W. 468. See, also, to the same effect, *State* v. *Grays Harbor Commercial Co.* 124 Wash. 227, 214 Pac. 13.) So far as cases of this type may be considered as having a bearing upon the question, we incline to the view that the cases last cited announce the better rule, but from the nature of those cases we do not believe any of them are of controlling significance here.

There is another line of authorities which we believe is more closely in point to the question at issue here. There seems to be little, if any, conflict in the authorities that where a statute prohibits the sale of such articles as oleomargarine, protected game, liquors, etc., the furnishing or serving of such an article as a part of a meal in a restau-

rant or hotel constitutes a sale within the meaning of the statute. *People* v. *Clair*, 221 N. Y. 108, 116 N. E. 868; *Commonwealth* v. *Miller*, 131 Pa. St. 118, 18 Atl. 938; *State* v. *Lotti*, 72 Vt. 115, 47 Atl. 392; *Commonwealth* v. *Phœnix Hotel Co.* 157 Ky. 180, 162 S. W. 823.

We are of the opinion that the business of serving food in a restaurant or so-called European plan hotel involves every element of a sale which need here be noticed. So far as concerns this case, it is necessary only to ascertain whether the serving of food involves a "transfer of the ownership of, or title to, tangible personal property to the purchaser, for use or consumption and not for re-sale in any form as tangible personal property." Until the food is served to the guest the title or ownership is in the proprietor. It is no longer owned by the proprietor once it has been delivered to the guest for consumption. A transfer of ownership within the meaning of the act is the necessary result of such a transaction. The food is furnished to the guest for "consumption" within the meaning of the act, and the mere fact, therefore, that it is to be consumed does not militate against the view that a sale takes place. When it is served for consumption it is a sale at retail, as defined by the act. For all practical purposes the guest becomes the owner of it and may do with it as he pleases. He may consume it or may so deal with it as to render it thereafter unfit for consumption and thus destroy its value. Just as the guest is given absolute control and disposition of the food, so, too, the proprietor is deprived of any ownership of or control over the food. The ordering and service of meals at restaurants and hotels differ only in degree and method from other types of clerical, wrapping or delivery service rendered in the purchase of a hat or a pair of shoes. In fact, service of some kind features practically every sale of merchandise. In all such cases the food or clothing or other tangible personal property bought is the substance of the transaction, and the various

490

services rendered in its delivery to the purchaser for use or consumption are only incidental thereto.

We are of the opinion that the service of food in a restaurant or so-called European plan hotel constitutes a transfer of the ownership of the food to the purchaser "for use or consumption" and amounts to a sale of the food within the meaning of the act and that the proprietors of such establishments are subject to the tax thereby imposed. The decree is affirmed.

*Decree affirmed.*

Mr. JUSTICE STONE, specially concurring: I agree with the result reached but not with all that is said in the opinion.

Mr. JUSTICE SHAW, dissenting.