177 So. 158

**PAPPANASTOS v. STATE TAX COMMISSION.**

**3 Div. 225.**

Supreme Court of Alabama.

Nov. 18, 1937.

A. A. Carmichael, Atty. Gen., Wm. H. Loeb and C. L. Rowe, Asst. Attys. Gen., L. H. Ellis, of Columbiana, H. L. Anderton, of Birmingham, and E. C. Boswell, of Geneva, for appellee.

Mooneyham & Mooneyham, of Montgomery, and W. H. Sadler, Jr., Sam C. Pointer, and Smith, Windham, Jackson & Rives, all of Birmingham, for appellant.

GARDNER, Justice.

Complainant, a restaurant operator, seeks a judgment of nonliability, as to the food and drink served his customers, for the tax imposed under the Sales Tax Act of 1937, General and Local Acts (Sp.Session) 1936–37, p. 125, considered most recently in State Tax Commission v. Hopkins (Ala.Sup.) 176 So. 210;[1] Long v. Roberts & Son (Ala.Sup.) 176 So. 213;[2] and Hattemer v. State Tax Commission (Ala. Sup.) 177 So. 156,[3] this day decided.

The amount of the tax is governed by the gross sales or gross receipts upon the sale at retail of "any tangible personal property whatsoever, including merchandise and commodities of every kind and character." That the food and drink served by complainant in his restaurant to his cus-

[1] 234 Ala. 556.  [2] 234 Ala. 570.  [3] Ante, p. 44.

tomers is tangible personal property is of course not questioned.

But it is argued that in conducting such business, there is in fact no sale, and that of consequence the act has no application thereto. Much stress is laid upon that line of authorities, illustrated in this court by the case of McCarley v. Wood Drugs, Inc., 228 Ala. 226, 153 So. 446, following our previous cases therein noted, wherein was the holding that the transaction did not constitute a sale within the sense of fixing upon the operator of the restaurant a liability for damages as upon an implied warranty, but that any such liability for damages must rest upon the doctrine of negligence. And it was also held that the "Sale of Goods Act" (Gen.Acts 1931, p. 570) was not intended to work any change in this established rule of liability. Excerpt from the New Jersey case of Nisky v. Childs Co., 103 N.J.L. 464, 135 A. 805, 50 A.L.R. 227, was there approvingly quoted. As opposed was noted the Massachusetts case of Friend v. Childs Dining Hall Co., 231 Mass. 65, 120 N.E. 407, 5 A.L.R. 1100, and these authorities, together with those noted to the New York case of Temple v. Keeler, 238 N.Y. 344, 144 N.E. 635, 636, 35 A.L.R. 920, contain a fair outline of the conflicting views upon that question.

But these cases were dealing with the matter of implied warranty and, as noted in Nisky v. Childs, supra, the declination of these authorities in line with our own to hold the restaurant keeper to an implied warranty liability is rested upon the common law doctrine that the furnishing of food at a hotel or restaurant is not to be considered as such a sale, but partakes rather of the character of service.

This reasoning, however, is inapplicable here, for this court in Long v. Roberts & Son, supra, repudiated the theory that because so large a part of the transaction constituted service the transaction was without the influence of the Sales Tax Act. And the fact that the personalty involved was of use only to the customer was likewise held as having no influence upon the question of liability—just as here the consumption of the food in the restaurant.

The New York court in Temple v. Keeler, supra, holding to the contrary of our decisions on the question of implied liability, refers to the transaction as "a qualified sale—a sale of what is actually used."

Words have varying meanings according to their context. Illustrative is the designation of a "railroad" as a "public highway," though in a limited sense only, but not in a general sense so as to permit their use by the public as in case of public roads. Louisville & Nashville R. R. Co. v. Western Union, 195 Ala. 124, 71 So. 118, Ann.Cas.1917B, 696; Western Union v. Pennsylvania R. R. Co., 195 U.S. 540, 573, 25 S.Ct. 133, 49 L.Ed. 312, 1 Ann. Cas. 517. And the word "dealer" considered in American Bakeries Co. v. City of Opelika, 229 Ala. 388, 157 So. 206, wherein is noted also another illustrative case of Pavers v. Glass, 22 Ala. 621, 58 Am.Dec. 272. Effect must be given the legislative intent, and words are to be interpreted with due regard to the subject-matter of the statute and its purpose. American Bakeries Co. v. City of Opelika, supra. Or, as said in Thomason v. Court of County Commissioners, 184 Ala. 28, 63 So. 87, 88: "All statutes should be construed with reference to the manifest purpose and intention of the lawmakers in their enactment, and such manifest purposes should not be defeated by a narrow construction based upon nice distinctions in the meaning of words."

In harmony with this rule, numerous courts in dealing with prohibition statutes, such as one prohibiting the sale of prohibited liquors, quail, oleomargarine, and the like, have held that serving the guest such prohibited articles constituted a "sale" within the meaning of such statutes, though, of course, the matter of implied liability was in no way involved. Many of the cases are noted in Friend v. Childs Dining Hall Co., supra.

In Brevoort Hotel Co. v. Ames, 360 Ill. 485, 196 N.E. 461, 462 (a sales tax on restaurants case), the Illinois Supreme Court, answering like argument as here made concerning the cases involving implied warranty, merely said, after noting the conflicting authorities: "but from the nature of those cases we do not believe any of them are of controlling significance here." And the court notes as more nearly in point, those cases dealing with the question of service of prohibited articles in restaurants, wherein there is "little, if any, conflict."

The sales tax act there in question is substantially as our own, though the verbiage is not exact, and the case fully sustains the ruling in the instant case:

Complainant would lessen the weight of this authority (Brevoort Hotel Co. v. Ames, supra), by a ruling of the appellate court of Illinois (Greenwood v. Thompson, 213 Ill.App. 371) holding a restaurant operator to liability upon an implied warranty theory. That case does not appear to have been reviewed by the Supreme Court of Illinois. See list of reviewed cases, pages xii to xiv of 213 Ill. App. And the Illinois Supreme Court in Sheffer v. Willoughby, 163 Ill. 518, 45 N.E. 253, 34 L.R.A. 464, 54 Am. St.Rep. 483, had held to the contrary, and it was so understood by the annotator. See note, 5 A.L.R. 1115. Clearly, therefore, the Illinois Supreme Court in the Brevoort Case, supra, was uninfluenced by any previous ruling on the question of implied warranty, and, indeed, the opinion discloses clearly the court entertained the view these authorities were inapplicable to the sales tax.

■ But aside from the very broad language of the act, embracing, as it does, "any tangible personal property whatsoever, including merchandise and commodities of every kind and character" (section 2, p. 126), it contains other internal evidence of its application to the sale of food in restaurants, by the exemptions therefrom of "amounts received from the sale of lunches to school children in school buildings within the State when sold by any person or association or group not for profit." Section 4, p. 128. But, very plainly, the meaning is that if such lunches are sold for profit, then the exemption is inapplicable, and the tax is to be collected.

Defendant also directs attention to that part of the history of the act in its passage, as shown by the journals, disclosing the bill as passed by the House contained an exemption as to the sale of food served in restaurants and hotels, and the like, and the substitute bill prepared and passed by the Senate eliminating such exemption entirely, and in its stead substituting "used automotive vehicles." Counsel representing respective parties have assumed the relevancy and admissibility of such proof as to the history of the act disclosed by the journals, and, in the opinion of the writer, have correctly so assumed. Louisville & Nashville R. R. Co. v. Western Union, 195 Ala. 124, 71 So. 118, Ann.Cas.1917B, 696; Note 70 A.L.R. 6, et seq.; 59 Corpus Juris 1019.

But there is expression in the conclusion of the opinion of the court in Lane v. Kolb, 92 Ala. 636, as found on page 655, 9 So. 873, indicating a contrary view.

As the matter stands, however, we find ourselves sufficiently persuaded as to the true meaning of the act without regard to this feature of its history, and we may leave that question to one side and undetermined, as our conclusion is entirely unaffected thereby.

Indeed, we think the case from the Illinois court of Brevoort Hotel Co. v. Ames, supra, is sound and answers sufficiently the argument of complainant, and we, therefore, forego further discussion.

We find ourselves in accord with the ruling of the chancellor, and his decree will of consequence be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

