# Commonwealth v. Benjamin Franklin Hotel Co.

*William A. Kelley, Jr.,* and *Folz, Bard, Kamsler, Goodis & Greenfield,* for appellant.

*N. David Rahal,* Deputy Attorney General, for Commonwealth.

NEELY, P. J., March 13, 1961.—This matter is here on appeal from the decision of the Board of Finance and Revenue upholding the action of the Department of Revenue, acting through its Sales Tax Board of Review, in making a use tax assessment against defendant taxpayer under the provisions of the Selective Sales and Use Tax Act of March 6, 1956, P. L. 1228, as amended May 24, 1956, P. L. 1707, 72 PS §3403-1, et seq.[1] The tax was assessed for the period March 7, 1956, to February 28, 1958.

---

[1] This Purdon citation reflects the amendment of April 15, 1959. Reference must be had to the pamphlet laws to obtain the full script of the two 1956 Acts.

The parties have stipulated the facts and agreed to try this case without a jury, in accordance with the provisions of the Act of April 22, 1874, P. L. 109, as amended, 12 PS §688. We adopt their stipulation and incorporate the same herein by reference, and also herein set forth our own pertinent

*Findings of Fact*

1. Defendant is engaged in the operation of a hotel at Ninth and Chestnut Streets, Philadelphia.

2. A notice of assessment for understatement of sales and use tax for the period March 7, 1956, to February 28, 1958, under the Act of March 6, 1956, P. L. 1228, as amended, was mailed to defendant on June 13, 1958, indicating additional sales tax due of $2,865.25, and additional use tax due of $7,491.87, for a total tax assessment of $10,357.12, plus additions and penalties of $129.83, and interest of $747.00, making a total assessment of $11,234.47.

3. A petition for reassessment was filed in the Department of Revenue with its Sales Tax Board of Review on October 11, 1958, and that board, by decision dated October 13, 1959, reduced the sales tax assessment to $2,177.63, and the use tax assessment to $2,896.46. A notice of this decision was mailed to defendant taxpayer on November 25, 1959.

4. A petition for review was filed with the Board of Finance and Revenue on January 19, 1960, and on April 12, 1960, that board sustained the decision of the Sales Tax Board of Review.

5. On May 10, 1960, defendant paid all the sales tax due in the amount of $2,177.63, and paid also $790.98 of the use tax then due, leaving a balance of $2,105.48 unpaid on account of the use tax.

6. This unpaid balance relates to the use tax on certain television sets, air conditioners and upholstery fabrics purchased by defendant for use in its hotel

business and for which defendant had claimed exemption before the administrative officials.

7. The use tax of $135.56, relating to the upholstery fabrics, is no longer contested by defendant, leaving the amount of $1,969.92 as the amount of tax that is now being contested.

8. In the regular course of defendant's hotel business, defendant charges its guests for the use of rooms. Charges are made on a day-to-day basis, and the guests agree to pay the rates specified by the hotel, which entitle the guests to the use of the room and all the furnishings contained therein for the term of the guests' occupancy.

9. Included in the furnishings are television sets. In each room there is a heating or cooling unit, providing heat and air conditioning for the room. Whenever this unit, which is permanently attached to the building, is out of order a window air conditioner may be temporarily placed in the room when desired. These temporary replacement air conditioners are involved in this controversy.

10. Included in the use tax assessment was tax at the rate of three percent upon payments for the following items:

| Payee | Description of Item | Payments | Tax |
|---|---|---|---|
| Franklin Television | Television sets | $64,589.03 | $1,937.67 |
| Philco Corporation | Window air conditioners | 1,075.00 | 32.25 |
| | Total | $65,664.03 | $1,969.92 |

11. Each of the above items of property was purchased by defendant exclusively for use in rooms to be rented to guests. There is a television set in each of the guest rooms in the hotel. None of the television sets are of the "coin operated" type. There is no stated

charge made on the guests' bills by defendant for the television sets, air conditioners, or for the use of any of the furnishings in the rooms.

### Discussion

The imposition section (§201) of the Act of March 6, 1956, and the same section in the amendatory Act of May 24, 1956, both provide that on and after March 7, 1956, there is "imposed upon the use . . . of tangible personal property . . . a tax of three per cent of the purchase price." And "tangible personal property" in section 2(L) of both of these acts is defined to include:

"(4) Furnishings, appliances, supplies, fittings, ornaments, furniture, equipment and accessories for home, business, industrial or commercial use, for indoor or outdoor purposes; . . .

"(16) Radios, television receiving sets . . ."

Defendant contends that these television sets and air conditioners were purchased from the suppliers,[2] payees in our findings, for the purpose of resale. It is defendant's contention that the rental of rooms containing these television sets and air conditioners amounted to a resale of the items; that defendant purchased these items for such resale, and that these purchases were not then subject to the use tax, since under the Act of 1956, as in that year amended, "purchase at retail," section 2(e), "shall not include any acquisition for the purpose of resale."

If the daily room charges to guests amounted to a resale of these items, then defendant's purchases would not be a "purchase at retail" and the imposition of the tax would not apply, since the use tax was imposed only on "tangible personal property purchased at retail": section 201 of the 1956 Acts.

---

[2] The purchases were from suppliers outside the Commonwealth, according to the oral argument.

This brings us to the meaning of the definition of "resale" in the Act of 1956, as in that year amended, section 2(h), which reads as follows:

"(1) Any transfer of ownership, custody or possession of tangible personal property for a consideration, including the grant of a license to use or consume and transactions where the possession of such property is transferred but where the transferor retains title only as security for payment of the selling price whether such transaction be designated as bailment lease, conditional sale or otherwise."

It will be noted that under this definition, a "resale" under the Act of 1956 is described as a "transfer for a consideration." The question here is whether any consideration passed to defendant for these particular items as distinguished from charges for the occupancy of the rooms. We think in principle this question has recently been before this court and the decision, cited herein, was adverse to the contention which the defendant makes in this case.

In Commonwealth v. McHugh, 75 Dauph. 68 (1960), defendant had certain contracts for furnishing and installing water mains and connections in the City of Philadelphia, and upon completion of the contracts these facilities were to become part of the city's existing underground water system. The taxpayer contended that the materials used by the contractor in this construction were purchased for resale and not subject to use tax. The court, however, held that the contract called for the delivery of the completed project to the city and that no consideration passed from the city to the contractor for the individual items of materials that were incorporated into the whole project, and hence there could be no resale because there is only a resale when there is a transfer of property for consideration. In this connection, the court said at pages 81-82:

". . . It is difficult for us to conceive that . . . consideration was paid for the materials in question . . . And without consideration, of course, there could be no resale under §2(h), supra. It is true that the defendant here received the contract price [for the completed contract], but it is open to question as to whether consideration within the meaning of §2(h) was advanced, 72 P. S. PKT. PARTS 3403-2(h), supra.

"The word 'consideration' in §2(h) has the same meaning as the term 'consideration' used in other parts of §2. '. . . A word or phrase, the meaning of which is clear when used in one place, will be construed to mean the same elsewhere in the same section of the statute': Watson Unemployment Compensation Case, 176 Pa. Super. Ct. 490, 493 (1954) . . . 'Consideration' in §2(h) then has the same meaning as in 'sale at retail' in §2(j). And 'consideration' in §2(j), we believe, is equivalent in meaning to 'purchase at retail' in §2(e), and 'purchase price' in §2(f). 'Consideration' is equivalent, in our judgment, in its meaning to 'purchase price.' The imposition section of the Act, §201, 72 P. S. PKT. PARTS 3403-201, imposing 'a tax of three per cent of the purchase price' further bears out our view that 'consideration' as used in §2 means 'purchase price.' A purchase price was not paid for the materials in question. The city paid a contract price as agreed."

What we have said as to consideration in the Mc-Hugh case is equally applicable here. When the rooms were rented to guests, there was no payment for the television sets or air conditioners as such. The charges and payments were for the rooms as a whole including all the other furnishings that went with them. We think that no more was consideration paid—the equivalent of a purchase price—for these individual items than there was for the materials in the McHugh case. And since there was no consideration, there was not a

resale of these items. Hence, in our judgment, the television sets and air conditioners were not acquired for the purpose of resale. On the contrary, they were purchased at retail and the sales and use tax was properly assessed.

The parties have cited four cases, none of which we feel are apposite: Massell v. Daley, 404 Ill. 479, 89 N. E. 2d 361 (1949); Brevoort Hotel Co. v. Ames, 360 Ill. 485, 196 N. E. 461 (1935); Mitchell v. Sherry Corine Corporation, 264 F. 2d 831 (CA-4th C.-1959); Hotels Statler Co. Inc. v. District of Columbia, 199 F. 2d 172 (CA-D. C. Circuit-1952). The problems in these cases are not akin to the question involved herein. The statute here contains its own definitions by which we must be guided in our interpretation of the law. In Sterling v. Philadelphia, 378 Pa. 538, 542 (1954), our Pennsylvania Supreme Court stated:

"A legislative body may, in a statute or ordinance, furnish its own definitions of words and phrases used therein in order to guide and direct judicial determination of the intendments of the legislation although such definitions may be different from ordinary usage; it may create its own dictionary to be applied to the particular law or ordinance in question. . . ."

Cf. Hughes v. Pittsburgh, 379 Pa. 145, 148 (1954); Bonasi v. Haverford Township Board of Adjustment, 382 Pa. 307, 310 (1955); Paper Products Company v. Pittsburgh, 391 Pa. 87 (1958); Murray v. Philadelphia, 363 Pa. 524 (1950); Quaid v. Philadelphia Tax Review Board, 188 Pa. Superior Ct. 623 (1959); Penn-Lehigh Corporation Appeal, 191 Pa. Superior Ct. 649 (1960).

This record contains regulation TR 201 of the Bureau of Sales and Use Tax in the Department of Revenue as follows:

"(a) Sales for Resale Exempt. The Selective Sales and Use Tax imposes a tax upon each separate 'sale

at retail' and upon the use of property 'purchased at retail'. Transfers or sale for the purpose of resale in the original form are excluded from the definitions of 'sale at retail', while acquisitions for the purpose of resale are excluded from the definition of 'purchase at retail.' Therefore, the sale or use of property purchased for resale is exempt from tax. . .

"(e) Rental of Property Considered a Form of Resale. The purchase of property by a vendor for the exclusive purpose of rental is considered to be a purchase for resale and is exempt from tax. The rental of such property is subject to tax . . ."

Section 580 of the 1956 Acts (cf. 72 PS §3403-580), provides that the Department of Revenue is "empowered to prescribe, adopt, promulgate and enforce, rules and regulations not inconsistent with the provisions of this act . . ." And since we can take judicial notice of the regulations of an administrative agency promulgated pursuant to statutory authority (Edelbrew Brewery, Inc., v. Weiss, 170 Pa. Superior Ct. 34 (1951) ), we note the provisions of regulation TR 201(c) as follows:

"(c) Use by Vendor of Property in Conduct of his Business Subject to Tax. A vendor who consumes or otherwise uses tangible personal property in the conduct of his business is an ultimate consumer or user of such property and sales made to him for such consumption or use are subject to tax."

We think that these regulations are consistent with the provisions of the act in their application to the facts which we are considering in this case. The statute and the regulations read together indicate, in our judgment, that there was not a resale of these televisions and air conditioners, but that on the contrary defendant was a consumer or user of these articles, making such use as clearly came within the provisions of the imposition section as to a use tax.

The provision of the regulations with respect to rental of property, in our judgment, has no application in this situation. The rental contemplated in this section would mean, we believe, the rental of particular items by a lease or some contract pertaining to the individual items. There would not be a purchase "for the exclusive purpose of rental" where there was intended to be no agreement which excluded these particular items from all of the other furnishings that were a part of guest rooms and where the daily charge was paid for the entire furnished room.

In our view, the Commonwealth is entitled to have judgment in the amount of $2,105.48. The question now arises as to what interest should be awarded on this sum. Section 520 of the Act of 1956, with its amendatory provisions in that same year, states that for the period ending December 31, 1956, the return shall be filed monthly with respect to the preceding month, i.e., on or before the last day of the month succeeding that for which the return is made; and that beginning on January 1, 1957, and thereafter, returns shall be filed quarterly in the months specified. Section 531 provides that payment shall be made when the return is due, and section 570 prescribes that interest shall be computed at one-half of one percent per month if the tax is not paid on the last date prescribed for payment.

Since we are dealing with the period March 7, 1956, to February 28, 1958, the last return should have been made not later than April 30, 1958, for the preceding first quarter of the year 1958. Interest is to be computed from that date. Since the statute required payment when the returns were made, as hereinabove mentioned, this allowance relieves the taxpayer of interest for the intermediate payments and must therefore be construed as being liberal to defendant.

All of the Commonwealth's requests for findings of fact and conclusions of law are affirmed.

In view of the foregoing, we make the following

*Conclusions of Law*

1. The Commonwealth is entitled to have judgment in the principal amount of $2,105.48.

2. The Commonwealth is entitled to have interest computed on this amount from April 30, 1958, to the date of this order in the sum of $363.89.

3. The Commonwealth is entitled to have judgment in the total amount of $2,469.37.

*Order*

And now, March 13, 1961, the appeal is dismissed. It is hereby directed that judgment be entered in favor of the Commonwealth and against defendant, Benjamin Franklin Hotel Company, in the sum of $2,469.37, representing $2,105.48 tax due, plus interest from April 30, 1958, at the rate of six percent per annum in the amount of $363.89, unless exceptions be filed to this order within 30 days from the date hereof. The prothonotary shall notify the parties hereto or their counsel of this order forthwith. The costs of this proceeding shall be paid by the defendant.

Judge Swope did not participate in the disposition of this case.